IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT C. LAITY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 20-cv-02511-EGS |
| KAMALA DEVI HARRIS, | ) |
| Defendant. | ) |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION TO DISMISS</u>**

In this frivolous lawsuit, *pro se* Plaintiff Robert C. Laity seeks to prevent Senator Kamala Harris from running for Vice President based on a misunderstanding of the requirements for holding that office.  Even though Laity admits that Senator Harris was "born in the United States," he contends wrongly that she is ineligible to be Vice President because her parents were not U.S. citizens at the time of her birth.  Laity's misguided Complaint suffers from two fatal defects, both of which independently require dismissal.

<u>First</u>, Laity lacks standing to challenge Senator Harris's eligibility to run for the Office of Vice President because he alleges no harm particular to him that would result from Senator Harris becoming Vice President.[1]  Scores of Supreme Court and lower court decisions establish

---

[1] Laity purports to sue on behalf of the United States.  *See* Compl. at 1 (listing "United States, Ex Rel, Robert C. Laity" in case caption).  However, Laity offers no basis to suggest that he has authority to sue in a representative capacity on behalf of the federal government.  The Court should therefore construe Laity's claims as being brought on behalf of only himself.  *See, e.g., United States v. Bonner*, 2020 WL 1963159, at *1 n.1 (W.D.N.Y. Apr. 21, 2020) (construing suit as brought in plaintiff's personal capacity where plaintiff provided no basis for purported status as relator of United States).

1

that generalized allegations of harm like Laity's do not confer Article III jurisdiction. This includes cases dismissing frivolous lawsuits challenging the eligibility of Presidential candidates. Just like those cases, this one should be dismissed.

Second, the premise of Laity's Complaint—that the citizenship of Senator Harris's parents at the time of her birth makes her ineligible to be Vice President—is wrong as a matter of law. Absent certain exceptions that do not apply to Senator Harris, the Fourteenth Amendment makes persons born in the United States—like Senator Harris— a "natural born citizen," regardless of the citizenship of the person's parents. The Supreme Court decided this question more than 100 years ago; it is not a subject of legitimate debate. Laity's Complaint thus fails to state a claim on which relief could be granted.

Accordingly, the Court should dismiss this case with prejudice.

## BACKGROUND

On August 11, 2020, Senator Harris made history by becoming the first African-American and Indian-American woman to appear as the vice presidential candidate on a major party's ticket. Two days later, Laity sent a letter to Attorney General Barr asserting that Senator Harris was ineligible for the vice presidency because her parents were not U.S. citizens at the time of her birth, even as he acknowledged that she was born in the United States. Compl. at 1, 6. After the Attorney General did not respond to his letter, Laity filed his Complaint. *Id.*

Laity contends that Senator Harris is not a "Natural Born Citizen" under Article II, Section 1, Clause 5 of the Constitution, and thus that her possible election presents "potential harm" to national security. *Id.* at 1-2. He seeks an order "enjoin[ing]" Senator Harris "from entering into the Office of the Vice-Presidency or Presidency of the United States" and a "decree of permanent injunction" preventing Senator Harris "from again attempting to seek election to the Presidency or Vice-Presidency." *Id.* at 7 (capitalization and emphasis removed). Senator

2

Harris now moves to dismiss the Complaint for lack of subject-matter jurisdiction and failure to state a claim.

## **PROCEDURAL STANDARDS**

When evaluating a motion to dismiss, this Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979)) (internal citation omitted). This standard governs this Court's consideration of motions under both Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. *See Shibeshi v. United States*, 2013 WL 140252, at *1 (D.D.C. Jan. 11, 2013). The Court need not accept as true, however, "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the Complaint. *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (internal quotation marks omitted). "To avoid dismissal, a complaint must plead 'sufficient factual matter . . . to state a claim to relief that is plausible on its face.'" *People for the Ethical Treatment of Animals v. U.S. Dep't of Agriculture*, 797 F.3d 1087, 1092 (D.C. Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). When, as here, the defendant moves to dismiss under both Rule 12(b)(1) and 12(b)(6), this Court must first consider the Rule 12(b)(1) challenge. *See U.S. ex rel. Settlemire v. District of Columbia*, 198 F.3d 913, 920 (D.C. Cir. 1999).

Although *pro se* complaints are held to a less strict standard than lawyer-drafted complaints, *see Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), this Court need not make or accept inferences that are unsupported by allegations of fact, *see Henthorn v. Dep't of Navy*, 29 F.3d 682, 684 (D.C. Cir.1 994). Ultimately, a *pro se* plaintiff "must present a

3

claim upon which relief can be granted." *Id.* (citation omitted) (internal quotation marks omitted).

## ARGUMENT

I. **THE COMPLAINT SHOULD BE DISMISSED BECAUSE LAITY LACKS STANDING TO CHALLENGE SENATOR HARRIS'S ELIGIBILITY TO BE VICE PRESIDENT.**

Federal courts' jurisdiction is limited to the resolution of "Cases" and "Controversies." U.S. Const. art. III, § 2; *Dominguez v. UAL Corp.*, 666 F.3d 1359, 1361 (D.C. Cir. 2012). A case or controversy exists only when the plaintiff has standing to sue. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ("[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III . . . ."). To have standing, the plaintiff must show, among other things, that they have suffered an "injury-in-fact," *id.*, which "is 'an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical,'" *Competitive Enter. Inst. v. FCC*, 970 F.3d 372, 381 (D.C. Cir. 2020) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016)).

Laity's Complaint fails to allege an injury-in-fact. Its only allegation of injury is an oblique reference to "potential harm" related to "national security." Compl. at 1. This alleged injury—in addition to being entirely unfounded—is not sufficiently particularized to Laity to confer standing. "[G]eneralized grievance[s] shared by all or a large class of citizens" do not constitute injuries-in-fact. *Mideast Sys. & China Civil Constr. Saipan Joint Venture, Inc. v. Hodel*, 792 F.2d 1172, 1176 (D.C. Cir. 1986).

The injury-in-fact requirement precludes standing when the plaintiff's allegations, like Laity's, implicate nothing more than broad purported national security concerns. *See Skarzynski v. C.I.A.*, 637 F. App'x 220, 220 (7th Cir. 2016) ("[Plaintiff] has no standing to bring this case. He asserts that the CIA's carelessness harmed national security generally and thereby harmed

4

him, but this is hardly a concrete and particularized injury necessary to establish standing.") (internal quotations omitted); *Pauling v. McElroy*, 278 F.2d 252, 254 (D.C. Cir. 1960) (plaintiffs lacked standing where they sought to enjoin nuclear testing because the alleged injury was shared with "all mankind" and "in common with people generally"). Laity does not allege that Senator Harris's election to the Vice Presidency will harm him in particular, *i.e.*, in a manner distinct from the harm that any other citizen would suffer. He therefore lacks standing to bring this case. *Lujan*, 540 U.S. at 573 ("[S]eeking relief that no more directly and tangibly benefits [plaintiff] than it does the public at large . . . does not state an Article III case or controversy.").

To the extent Laity contends that the purportedly unlawful nature of Senator Harris's election would itself constitute an injury, this too would not confer standing. *See Sibley v. Obama*, 866 F. Supp. 2d 17, 20 (D.D.C. 2012) ("A generalized interest of all citizens in constitutional governance does not suffice to confer standing on one such citizen."); *Rodearmel v. Clinton*, 666 F. Supp. 2d 123, 129 (D.D.C. 2009) ("[Plaintiff's] general interest as a citizen in the constitutionality of Clinton's appointment does not give him standing."). Numerous courts have addressed whether a candidate's purported failure to satisfy the "Natural Born Citizen" clause amounts to an injury-in-fact for aggrieved citizens. The resounding answer is "no." *See, e.g.*, *Kerchner v. Obama*, 612 F.3d 204, 208 (3d Cir. 2010) (plaintiff lacked standing to challenge President Obama's eligibility for presidency based on natural born citizen requirement); *Berg v. Obama*, 586 F. 3d 234, 239 (3d Cir. 2009) (same); *Sibley*, 866 F. Supp. 2d at 20 (same); *Hollander v. McCain*, 566 F. Supp. 2d 63, 71 (D.N.H. 2008) (same for John McCain).

For these reasons, Laity lacks standing and his Complaint should be dismissed.

## II. THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM.

Alternatively, this Court should dismiss Laity's Complaint because the premise of his case is wrong as a matter of law. Laity contends that Article II's "Natural Born Citizen Clause," applicable to the Vice President through the Twelfth Amendment, permits only those "born in the United States to parents who are both U.S. Citizens" to be Vice President. Compl. at 2. Because Senator Harris's parents were not U.S. citizens at the time of her birth, Laity contends, she cannot be Vice President, regardless of the fact that she was born in the United States. *Id.* at 6. That contention is wrong as a matter of law. Supreme Court precedent has for more than 100 years made clear that any person born in the United States is a "Natural Born Citizen" within the meaning of the Constitution, except in narrow circumstances not applicable here.[2]

The seminal case is *Wong Kim Ark*. There, the Supreme Court addressed whether the U.S.-born child of Chinese parents was entitled to birthright citizenship under the Fourteenth Amendment's Citizenship Clause, which provides that "[a]ll persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States . . . ." *United States v. Wong Kim Ark*, 169 U.S. 649, 653 (1898).[3] The Court answered affirmatively,

---

[2]    Exceptions may include the children of foreign diplomats and enemy soldiers. *See In re Thenault*, 47 F. Supp. 952, 953 (D.D.C. 1942) (holding that children born to the Air Attachée of the French embassy did not acquire U.S. citizenship upon their U.S. births); James C. Ho, *Defining "American": Birthright Citizenship and the Original Understanding of the 14th Amendment*, 9 Green Bag 2D 359, 369 (2006) ("children born to [foreign diplomats and enemy soldiers] are not entitled to birthright citizenship under the Fourteenth Amendment").

[3]    The Supreme Court has long treated Article II's phrase "natural born Citizen" and the Fourteenth Amendment's phrase "persons born . . . in the United States . . . are citizens" as equivalent and used them interchangeably. In *Wong Kim Ark*, for example, the Court canvassed its precedents and identified numerous decisions that understood "natural born citizen" to mean a person holding citizenship because of his or her birth in the country at issue. 169 U.S. at 662. Likewise, in *Minor v. Happersett*, the Court described Article II's reference to "natural-born citizen" as referring to individuals born in the United States. 88 U.S. (21 Wall.) 162, 167 (1874).

explaining that, subject to exceptions inapplicable to Senator Harris, "[t]he fourteenth amendment affirms the ancient and fundamental rule of citizenship by birth within the territory, in the allegiance and under the protection of the country, *including all children here born of resident aliens . . . .*" *Id.* at 693 (emphasis added).  The Court held that "[e]very person born in the United States, and subject to the jurisdiction thereof, becomes at once a citizen of the United States, and needs no naturalization," regardless of the person's parents' citizenship or immigration status. *Id.* at 704.

The Supreme Court in much more recent decisions has reaffirmed *Wong Kim Ark*'s holding that persons born in the United States to non-citizen parents are U.S. citizens at birth. *See Plyler v. Doe*, 457 U.S. 202, 211-212 (1982) (aliens, including illegal aliens, present in the United States are "within its jurisdiction" and so protected by the 14th Amendment); *id*. at 243 (Chief Justice Burger, diss.) (agreeing with majority that aliens present in the United States are subject to its jurisdiction and protected by the 14th Amendment); *INS v. Rios-Pineda*, 471 U.S. 444, 446 (1985) (child of "citizens of Mexico" who had "illegally entered the United States" was nevertheless "a citizen of this country" because he had been "born in the United States").

Consistent with these precedents, courts repeatedly rejected challenges to President Obama's citizenship based on the same specious theory that Laity now advances.  *See Tilsdale v. Obama*, 2012 WL 7856823, at *1 (E.D. Va. Jan. 23, 2012) (dismissing claim that Barack Obama was ineligible for the presidency because he "had at least one parent who was not a citizen of the United States"; "[i]t is well settled that those born in the United States are considered natural born citizens"); *Ankeny v. Governor of State of Ind.*, 916 N.E.2d 678, 688 (Ind. Ct. App. 2009) ("Based upon the language of Article II, Section 1, Clause 4 and the guidance provided by *Wong Kim Ark*, we conclude that persons born within the borders of the

7

United States are 'natural born Citizens' for Article II, Section 1 purposes, regardless of the citizenship of their parents."). If it were to address the merits—which it need not—this Court should reach the same result.

Laity's citation to *Minor v. Happersett* is inapposite. That decision, handed down 25 years before *Wong Kim Ark*, stated in dictum that it was unsettled whether the U.S.-born children of foreign parents are natural born citizens. 88 U.S. 162, 167 (1874). The Court definitively answered that question in *Wong Kim Ark*; and it reaffirmed its holding in *Plyler* and *Rios-Pineda*. Because Laity's Complaint acknowledges that Senator Harris was born in the United States (of parents who were neither foreign diplomats nor enemy soldiers), and because that is all that is required to be a "natural born citizen," Laity's Complaint fails to state a claim on which relief can be granted and should be dismissed.

Dismissal should be with prejudice, which is warranted "when a trial court 'determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (quoting *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985)). That is the case here. There are no other allegations Laity could add to save his claim. The Complaint acknowledges that Senator Harris was born in the United States and, as discussed above, nothing further is required to be a "natural born citizen." The Court should not permit this frivolous case to proceed any further. *See Tilsdale*, 2012 WL 7856823, at *1 (dismissing claim that Barack Obama was ineligible for presidency with prejudice because "allowing leave to refile would yield the same result, given the underlying premise of [plaintiff's] claim").

## CONCLUSION

For the foregoing reasons, this Court should dismiss Laity's Complaint with prejudice.

| | |
|---|---|
| Dated: October 26, 2020 | */s/ Benjamin J. Razi*<br>Benjamin J. Razi (D.C. Bar No. 475946)<br>COVINGTON & BURLING LLP<br>One CityCenter<br>850 Tenth Street NW<br>Washington, DC 20001<br>(202) 662-6000<br>brazi@cov.com<br><br>*Counsel for Defendant Kamala Devi Harris* |

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2020, a true and correct copy of the foregoing was served on the following by the means set forth below:

*by overnight mail with courtesy copy by email:*
Robert C. Laity
43 Mosher Drive
Tonawanda, NY 14150
robertlaity@roadrunner.com


DATED: October 26, 2020

                                            By:   */s/ Benjamin J. Razi*
                                                     Benjamin J. Razi