IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT C. LAITY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 20-cv-02511-EGS |
| KAMALA DEVI HARRIS, | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY MEMORANDUM OF IN SUPPORT OF HER
MOTION TO DISMISS**

Laity's opposition confirms that his frivolous lawsuit must be dismissed for lack of standing and, in the alternative, failure to state a claim.

First, Laity does not explain how his Complaint alleges an injury-in-fact, *i.e.* "an invasion of a legally protected interest that is concrete and particularized." *Competitive Enter. Inst. v. FCC*, 970 F.3d 372, 381 (D.C. Cir. 2020) (internal quotation and citation omitted). Nor could he. His unfounded allegations are nothing more than "generalized grievance[s]," *Mideast Sys. & China Civil Constr. Saipan Joint Venture, Inc. v. Hodel*, 792 F.2d 1172, 1176 (D.C. Cir. 1986), and, by his own admission, he seeks to redress a purported injury affecting the American people at large, *see* Laity Opp. at 7 ("*Our* National security and sovereignty has been breached.") (emphasis added). The Supreme Court long ago made clear that a Plaintiff in such circumstances lacks standing to sue: "[S]eeking relief that no more directly and tangibly benefits [Plaintiff]

than it does the public at large . . . does not state an Article III case or controversy." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573-74 (1992).[1]

Second, Laity's opposition confirms that he has not stated a claim because his legal argument about Senator Harris's eligibility to be Vice President is flatly wrong. Relying on *Minor v. Hapersett*, Laity asserts that the Supreme Court "arrived . . . unanimously" at Laity's definition for natural born citizen: "one born in the United States to parents who are themselves citizens." Laity Opp. at 2. But *Minor* did no such thing. It simply stated in dictum that it was unsettled in 1874 whether the U.S.-born children of foreign parents are natural born citizens. 88 U.S. 162, 167 (1874). The Court settled that question two decades later in *Wong Kim Ark*, 169 U.S. 649, 704 (1898), and reaffirmed its holding in the 1980s in *Plyler v. Doe,* 457 U.S. 202, 211-212 (1982), and *INS v. Rios-Pineda*, 471 U.S. 444, 446 (1985). Following the Supreme Court's lead, lower courts have held repeatedly that those born in the United States are natural born citizens, regardless of the citizenship of their parents. *See Tilsdale v. Obama*, 2012 WL 7856823, at *1 (E.D. Va. Jan. 23, 2012); *Ankeny v. Governor of State of Ind.*, 916 N.E.2d 678, 688 (Ind. Ct. App. 2009). Laity does not address this authority, and any attempt to refute it would fail.

## CONCLUSION

For these reasons and those set forth in Defendant's opening memorandum, this Court should dismiss Laity's Complaint with prejudice.

---

[1] To the extent Laity contends that he has standing because he has "filed a proper 'Information in the form of quo warranto,'" he is wrong. Filing a writ of quo warranto does not absolve Laity of his obligation to establish Article III standing, which he has failed to do. *See Sibley v. Obama*, 866 F. Supp. 2d 17, 20 (D.D.C. 2012). Moreover, "only the Attorney General or the United States Attorney"—not a private citizen like Laity—has standing to bring a quo warranto action challenging a public official's right to hold office." *Id.*

Dated: November 5, 2020

/s/ Benjamin J. Razi
Benjamin J. Razi (D.C. Bar No. 475946)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
(202) 662-6000
brazi@cov.com

*Counsel for Defendant Kamala Devi Harris*