IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
ROBERT C. LAITY,                    )
                                    )
    Plaintiff,                      )
                                    )  Case No. 20-cv-2511-EGS
    v.                              )
                                    )
KAMALA DEVI HARRIS                  )
                                    )
    Defendant.                      )
_____ )

### MOTION OF
### U.S. ALLEGIANCE INSTITUTE
### FOR LEAVE TO FILE BRIEF *AMICUS CURIAE*
### IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

On the grounds and for the reasons set forth below, movant, through undersigned counsel, pursuant to F.R.Civ.P. 7 and Rule 7(o) of the local rules of this Court, move this Court for leave to file a brief *amicus curiae* in opposition to Defendant's Motion to Dismiss.

Counsel for Plaintiff consented to this Motion and to the filing of the attached brief *amicus curiae*. Counsel for Defendant has not yet responded.

This brief is being filed timely within seven days of the Plaintiff's Opposition to the Motion to Dismiss, the same amount of time allowed for an *amicus curiae* brief under the Federal Rules of Appellate Procedure, F.R.App.P. Rule 29(a)(6), and will not unduly delay this Court's ability to rule on the motion to dismiss.

Movant U.S. Allegiance Institute is exempt from federal income taxation under Section 501(c)(3) of the Internal Revenue Code ("IRC"). The organization participates actively in the public policy process. Movant defends U.S. citizens' rights against government overreach,

2

and support the proper interpretation of the United States Constitution as the charter for our Nation.  Its website is at www.usallegianceinstitute.org.  Movant has a particular concern that the qualifications for President and Vice President set out in Article II of the U.S. Constitution should be followed, and has performed significant research into the meaning of the Natural Born Citizen Clause that has not been presented to this court.

I.   THIS CASE PRESENTS A CONSTITUTIONAL MATTER OF GREAT IMPORTANCE.

Article II of the U.S. Constitution specifies the qualifications for an individual to serve as President of the United States, and the Twelfth Amendment also imposes the same qualifications on the Vice President.

Movant believes that this Court has a duty to give effect to the requirements of Article II, to protect the integrity of the Presidency, for the reasons set out in the brief *amicus curiae*.

II.  THE *AMICUS CURIAE* BRIEF RAISES RELEVANT ISSUES NOT ADDRESSED ADEQUATELY IN THE PLAINTIFF'S OPPOSITION.

The movant's *amicus curiae* brief submitted with this Motion supports the position of Plaintiff.  However, the *amicus curiae* brief provides relevant history and makes arguments that are not fully developed by Plaintiff's Opposition to the Motion to Dismiss.

This *amicus* brief does not address the standing issue, but should this Court rule on the merits, it needs to have before a more complete presentation of the issues than the pro se plaintiff was able to provide.  Moreover, this *amicus* brief explains why the basic contention of the defendant — that the Fourteenth Amendment defines a natural born citizen — is completely erroneous and explains exactly why the Fourteenth Amendment did not alter the common law meaning of the Natural Born Citizen Clause,

### III. THE ACCEPTANCE OF BRIEFS *AMICUS CURIAE* HAS BEEN FOUND USEFUL IN CASES SUCH AS THIS.

District courts have inherent power to grant leave to file briefs *amicus curiae*, as they often "provide helpful analysis of the law[,] they have a special interest in the subject matter of the suit[,] or existing counsel is in need of assistance." Bryant v. Better Business Bureau of Greater Maryland, Inc., 923 F.Supp. 720, 728 (D. Md. 1996). *See also* Independence Institute v. FEC, Minute Order of June 28, 2016 granting motion for leave to file Brief *Amicus Curiae*, Docket No. 1:14-cv-01500 (D.D.C. 2016).

For the reasons stated above, it is believed, particularly in bringing to the attention of the Court important principles and binding authorities not fully addressed by the parties, that this *amicus* brief will inform the Court's effort to resolve the question before it.

Given the nationwide significance of this case, and its profound implications for all Americans, movant respectfully requests leave to file the accompanying brief *amicus curiae* in opposition to Defendant's Motion to Dismiss.

Respectfully submitted,

| | |
|---|---|
| /s William J. Olson | Mario Apuzzo* (NJ Bar No. 030611982) |
| William J. Olson (D.C. Bar No. 233833) | 185 Gatzmer Avenue |
| Jeremiah L. Morgan (D.C. Bar No. 1012943) | Jamesburg, New Jersey 08831 |
| William J. Olson, P.C. | (732) 521-1900 |
| 370 Maple Avenue West, Suite 4 | apuzzo@erols.com |
| Vienna, Virginia  22180-5615 | *pro hac vice motion forthcoming |
| (703) 356-5070 | |
| wjo@mindspring.com | |

Dated:  November 9, 2020                              Counsel for *Amicus Curiae*
                                                                          U.S. Allegiance Institute